IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KONKHEIS DEVON SIPSEY | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| and WAL-MART STORES, INC. | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC (also incorrectly named "WAL-MART STORES, INC.") ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 412th Judicial District Court of Brazoria County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division. The grounds for removal are as follows:

## I.
## INTRODUCTION

1. On December 4, 2017, Plaintiff Konkheis Devon Sipsey ("Plaintiff"), commenced an action in the 412th Judicial District Court of Brazoria County, Texas, captioned, Cause No. 94450-CV: *Konkheis Devon Sipsey v. Wal-Mart Stores Texas, LLC and Wal-Mart Stores, Inc*.

2. Plaintiff is seeking personal injury damages allegedly resulting from an incident that occurred on March 5, 2016 at Wal-Mart Store No. 3572 (the "Store") in Pearland, Texas (the "Incident").

3. On January 2, 2018, Defendant timely filed its Original Answer and Jury Demand. Plaintiff did not demand a jury trial in his Original Petition.

## II.
## STATEMENT OF GROUNDS FOR REMOVAL

4. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## III.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and his counsel as required by law.  A copy of this Notice is also being filed with the Clerk of the Court of the 412th Judicial District Court of Brazoria County, Texas, where this cause was originally filed.  A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

6. Removal is timely as the first date upon which Defendant, or its agents, received Plaintiff's Original Petition and Citation on December 7, 2017, which is less than 30 days before this removal notice.[1]

## IV.
## VENUE

7. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## V.
## PARTIES

8. According to her Original Petition, Plaintiff was a resident of Houston, Harris County, Texas at the time suit was commenced.[2]

---

[1] 28 U.S.C. § 1446(b); *see also* Plaintiff's Original Petition.

9.   Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens.[3]

10.   Defendant is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Wal-Mart Stores, Inc.  The sole member of Wal-Mart Stores Texas, LLC is Wal-Mart Real Estate Business Trust.  The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart Stores East, LP.  Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Wal-Mart Stores, Inc.  The principal place of business of Wal-Mart Stores Texas, LLC is Bentonville, Arkansas.  Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.

11.   Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.[4]  The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## VI.
## PLAINTIFF'S ALLEGATIONS

12.   Plaintiff asserts that on March 5, 2016, he was injured at the Store.[5]  More specifically, Plaintiff alleges that while "pulling a pallet through the grocery receiving area . . . he slipped in a puddle of water."[6]  As a result of the fall, Plaintiff claims to have "suffered severe

---

[2] *See* Plaintiff's Original Petition.
[3] *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).
[4] 28 U.S.C. §§ 1332, 1441.
[5] *See* Plaintiff's Original Petition.
[6] *Id.*

and debilitating injuries."[7]  Plaintiff brings forth negligence and premises liability causes of action against Defendant.[8]

## VII.
## JURISDICTIONAL BASIS FOR REMOVAL

13. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00.  The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal.[9]

14. The relevant jurisdictional facts are to be judged as of the time of removal.[10]  Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached.[11]

### A.   Amount in Controversy Exceeds $75,000.00.

15. When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[12]  A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum.[13]  Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy."[14]

---

[7] *Id.*
[8] *Id.*
[9] *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[10] *Id.* at 1335.
[11] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[12] *Id.* at 881.
[13] *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[14] *See Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2–3 (5th Cir. 2002).

16.     Given the alleged severity of Plaintiff's alleged injuries, as well as the nature of damages sought, it is facially apparent that the amount in controversy in the instant case exceeds $75,000.[15]  Additionally, in his Original Petition, Plaintiff "affirmatively pleads that he seeks monetary relief of more than $100,000 but less than $200,000."[16]  Plaintiff also intends to conduct Level 2 discovery pursuant to the Texas Rules of Civil Procedure.[17]  Plaintiff seeks to recover damages based on past and future: physical pain, mental anguish, physical impairment, medical care and "all other damages."[18]  Plaintiff does not appear to be making a claim for lost wages or loss of earning capacity.[19]

17.     Therefore, it is facially apparent from Plaintiff's Original Petition that he is seeking damages in ranging from $100,000.00 to $200,000.00.[20]  By pleading this amount in controversy, Plaintiff expressly acknowledges that he is seeking at least a sum in a six-figure range, exceeding the $75,000.00 threshold.

18.     Defendant has produced ample evidence for the Court to find removal appropriate.  Consequently, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed.

**B.     Diversity of Citizenship**

19.     As set forth, *supra*, Plaintiff is a citizen of the State of Texas, and Defendant is a citizen of the State of Arkansas and the State of Delaware.  There are no non-diverse parties present in this action.  As such, Defendant has established that complete diversity of citizenship

---

[15] *See Gebbia*, 233 F.3d at 881.
[16] *See* Plaintiff's Original Petition.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

exists between the parties to this action. Therefore, Defendant has satisfied the diversity element of its removal burden.

## VIII.
## CONCLUSION

20. Based on the foregoing, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the parties in this case. Therefore, the Court should find that removal is proper in this case.

## IX.
## PRAYER

WHEREFORE, Defendant WAL-MART STORES TEXAS, LLC prays that this Court find that the above-styled action now pending in the 412th Judicial District Court of Brazoria County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

  /s/  John A. Ramirez
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Stephen A. Hebert
State Bar No. 24079672
Federal ID No. 2724085
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile:  (713) 622-8077
jramirez.atty@bushramirez.com
shebert.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 5th day of January, 2018.

    Thomas F. Bickham
    Roshun A. Phipps
    BICKHAM LAW
    3120 Southwest Freeway, Suite 612
    Houston, Texas 77098
    tbickham@blawattomeys.com
    rphipps@blawattomeys.com

    Don E. McClure, Jr.
    DON MCCLURE, JR., PLLC
    8866 Gulf Freeway, Suite 440
    Houston, Texas 77017
    don_mcclure_jr@hotmail.com

                                                                   */s/ John A. Ramirez*
                                                                   John A. Ramirez